**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

             Plaintiff,

  vs.                CASE NO. 8:18-cr-119-T-27JSS
                        November 8, 2018
                        Tampa, Florida
                        1:35 – 2:00 p.m.

ADELMO HIGUERA VELASQUEZ
  a/k/a Enrique Leon Figueroa,

             Defendant.
_____/

**TRANSCRIPT OF SENTENCING HEARING**
BEFORE THE HONORABLE JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

**APPEARANCES:**

For the Government:     MATTHEW H. PERRY, ESQ.
                        Assistant U.S. Attorney
                        400 N. Tampa Street, Suite 3200
                        Tampa, Florida 33602
                        813/274-6000

For the Defendant:       CHE LOPARDO, ESQ.
                        Assistant Federal Defender
                        400 N. Tampa Street, Suite 2700
                        Tampa, Florida 33602
                        813/228-2715

Interpreter:             Gabriela Loncar

Court Reporter:         Howard W. Jones, RPR, FCRR
                        801 N. Florida Avenue, Suite 15A
                        Tampa, Florida 33602
                        813/301-5024


Proceedings reported and transcribed by
computer-aided stenography.

**P R O C E E D I N G S**

1
2             (Court called to order.)
3             THE COURT:  Good afternoon.  We're here for
4    sentencing in United States vs. Enrique Leon Figueroa.
5             Let's get appearances, please, for the government.
6             MR. PERRY:  Good afternoon, Your Honor, Matthew
7    Perry for the United States.  With me is Special Agent Dave
8    Tomacek (ph).
9             THE COURT:  Good afternoon.
10            On behalf of the defendant?
11            MR. LOPARDO:  Good afternoon, Your Honor, Che
12   Lopardo.
13            THE COURT:  Good afternoon.
14            And we have the assistance of an interpreter.
15   Let's have her sworn, please.
16            (Interpreter sworn by the Deputy Clerk.)
17            THE INTERPRETER:  I do.  Gabriela Loncar,
18   L-o-n-c-a-r.
19            THE DEPUTY CLERK:  Thank you.
20            THE COURT:  Good afternoon.
21            THE INTERPRETER:  Good afternoon, Your Honor.
22            THE COURT:  I have received and reviewed the
23   presentence report prepared by the United States Probation
24   Office.  The record should reflect that pursuant to a plea
25   agreement the defendant entered a guilty plea to Count One

1  of the indictment in which he's charged with conspiracy to
2  possess with the intent to distribute and to distribute five
3  or more kilograms of cocaine while onboard a vessel subject
4  to the jurisdiction of the United States.
5             His guilty plea has been accepted and he has been
6  adjudicated guilty of that offense.
7             The government has an objection to certain
8  paragraphs in the presentence report.
9             Mr. Perry.
10            MR. PERRY:  May it please the Court.
11            THE COURT:  Yes, sir.
12            MR. PERRY:  Before we get to that, Your Honor, it
13 just occurred to me -- and I apologize to the Probation
14 Office, I should have pointed this out, but maybe the
15 defendant should have pointed this out too.  You entered an
16 order in this case, Your Honor, that changed the defendant's
17 name to his real name.  We indicted him under Enrique Leon
18 Figueroa, but I filed a motion, unopposed motion, which you
19 granted, once we realized his real name was Adelmo,
20 A-d-e-l-m-o, Higuera, H-i-g-u-e-r-a, Velasquez,
21 V-e-l-a-s-q-u-e-z.  So the presentence report, Your Honor,
22 in this instance should actually reflect that he is in fact
23 Adelmo Higuera Velasquez, a/k/a Enrique Leon Figueroa.
24            THE COURT:  Mr. Lopardo, any objection?
25            MR. LOPARDO:  No objections.  That is actually

1  reflected in the PSR.
2              THE COURT: It is in paragraph 40, but I think the
3  style of the case needs to be changed, particularly the
4  style in the presentence report so it follows the defendant.
5              I recall the order, Mr. Perry. I'm going to pull
6  it up just to give the Clerk something to look at and
7  follow.
8              MR. LOPARDO: It's Document No. 30, Your Honor, is
9  my motion. I'm guessing your order would be 31.
10             THE COURT: Somebody been fooling with these
11 computers again, Madam Clerk?
12             THE DEPUTY CLERK: Not that I know of, Your Honor.
13             THE COURT: Goodness gracious, there's three or
14 four new steps involved. You gotta watch those IT people,
15 they get in here and start fooling around.
16             Okay. It's 37. Docket 37.
17             MR. LOPARDO: That's your order, yes, granting my
18 motion.
19             THE COURT: The order changing the true name of
20 the defendant. Actually just said that the form of the
21 indictment be amended. Let's go ahead and correct the style
22 of the case to read United States of America vs. Adelmo
23 Higuera Velasquez, a/k/a Enrique Leon Figueroa.
24             And if Probation could do that in the presentence
25 report, that will follow the defendant.

1          MR. PERRY:  Thank you, Your Honor.
2          THE COURT:  Thank you for pointing that out,
3  Mr. Perry.
4          MR. PERRY:  You're welcome.  May I continue?
5          THE COURT:  Yes, sir.
6          MR. PERRY:  Your Honor, this is the same objection
7  that we've raised over the course of these sentencing
8  proceedings.  Of course, Mr. Velasquez did not have the
9  benefit of the prior arguments.  So the probation officer
10 has set forth my argument on the objections page.
11         And to summarize that, Your Honor, we do object to
12 the inclusion in the presentence report of the
13 co-defendant's post-Miranda statements.  We would ask that
14 you redact those paragraphs as it relates to this
15 presentence report on this defendant, paragraphs 12 through
16 15.
17         This defendant did not make a post-Miranda
18 statement, just as an aside.  But in any event, we believe,
19 Your Honor, that the inclusion of this material under
20 Rule 32, the basis for the objection, is that it would
21 potentially impact the safety of those individuals whose
22 statements are reflected, as well as downrange, their
23 families and so forth.  They oftentimes -- Your Honor, I had
24 this conversation with Mr. Lopardo and I believe he agrees.
25 I have over the years, Your Honor, on both sides of the

1  fence, received communications from defendants that carry
2  with it either references to other individuals' presentence
3  reports, page and paragraph.  And there has at times, Your
4  Honor, been instances that I can recall where I actually got
5  from a defendant in a communication letter a page or a copy
6  of a page of another defendant's presentence report.
7  　　　　　So although we like to believe that once these go
8  off into the Bureau of Prisons mass that they are protected,
9  the fact of the matter is they are not.  And, for those
10 reasons, Your Honor, we would ask that the post-Miranda
11 statements of the co-defendants be redacted under Rule 32.
12 　　　　　THE COURT:  Any objection, Mr. Lopardo?
13 　　　　　MR. LOPARDO:  No, Your Honor.  I agree that many
14 times that the presentence reports end up in the hands of
15 other inmates, so I agree.
16 　　　　　THE COURT:  All right.  The objection is well
17 taken under Rule 32.  Portions of a presentence report can
18 be redacted for various reasons, one of which is safety and
19 welfare of the individuals.
20 　　　　　So paragraphs 12, 13, 14, and 15, Madam Probation
21 Officer, if you will see to it that those are redacted.  And
22 that is the same ruling I've made in sentencing hearings of
23 the co-defendants.
24 　　　　　Are there any other objections on behalf of the
25 government, Mr. Perry?

1       MR. PERRY:  Judge, I don't have an objection, but
2  I will bring to your attention that through no fault of the
3  government or my agent, under paragraph 22 here, it should
4  now reflect that Mr. Velasquez has complied with that fifth
5  prong of the safety valve and we would suggest and urge you,
6  then, to give him the applicable reduction, which would be
7  two points there, Your Honor.
8       That proffer just occurred on Monday and my agent
9  has advised me that Mr. Velasquez was complete and truthful
10 and, in that instance, then, he would qualify for that
11 reduction.  Although the defendant did not object to it,
12 Your Honor, we -- we, meaning the government -- continued to
13 try to make that occur.  We did ultimately make it occur.  I
14 did advise the probation officer, but unfortunately, the
15 report had already gone to you.
16      So if you were inclined, Your Honor, it would then
17 change paragraph 22 from a zero to a minus two, it would
18 change paragraph 26 from a 36 to a 34, and it would change
19 paragraph 30 from 33 to a 31, and then the applicable --
20      THE COURT:  Well, let me get to that later.  But
21 you did move for the additional level of acceptance of
22 responsibility?
23      MR. PERRY:  I do.
24      THE COURT:  That will be granted.
25      Any other objections?

1          MR. PERRY:  No.

2          THE COURT:  Mr. Lopardo, any objections to the

3  presentence report or application of the Guidelines?

4          MR. LOPARDO:  No, Your Honor.

5          THE COURT:  All right.  Let me, then, based on

6  those changes, determine how the Guidelines apply.  We have

7  a total offense level now of 31, Criminal History

8  Category I.  That results in a guideline range of 108 to

9  135, but there's a minimum mandatory of ten years, so the

10 range becomes 120 to 135?

11         PROBATION OFFICER:  Yes, Your Honor.

12         THE COURT:  All right.  The term of supervised

13 release is five years.  There's a fine range of --

14         Does that change now?

15         PROBATION OFFICER:  That will be 30,000 to

16 ten million.

17         THE COURT:  30,000 to ten million and a 100-dollar

18 special assessment.

19         All right.  Matters relevant to the 3553 factors,

20 Mr. Lopardo?

21         MR. LOPARDO:  Yes, Your Honor. Good afternoon.  I

22 do think the presentence report accurately reflects his

23 characteristics.  Like so many people in his situation,

24 financial desperation led him down this unfortunate path.

25 He has a wife and children.

1                And I do understand that now the guideline
2    range -- the bottom would be 120 because of the minimum
3    mandatory.  So essentially, as I stand here, that's what I'm
4    asking for.  Thank you.
5                THE COURT:  Thank you.  Before I hear from the
6    defendant, if he has anything to say, Mr. Perry, could you
7    describe the extent of the defendant's cooperative efforts?
8    I know you said he proffered recently.
9                MR. PERRY:  The extent of the defendant's
10   cooperative efforts, Your Honor, unfortunately were little
11   to none.  He did, frankly, in my opinion, ultimately decide
12   to plead guilty in this case.  And if I can digress for just
13   a second, Your Honor, I'm providing this information to you
14   not only in response to your question, but the plea
15   agreement says that I will provide that information to you
16   as well, so I'm comply with that obligation, so --
17               THE COURT:  That's why I asked the question.
18               MR. PERRY:  And I would have brought it up.
19               He dragged his feet, Your Honor, as is his right,
20   to go to trial and, ultimately, through the course of many
21   exchanges between myself and Mr. Lopardo, we provided what I
22   considered to be reverse proffers of information and,
23   ultimately, he agreed to plead guilty, but he did not in
24   effect exercise any cooperation with us.  We then, over the
25   course of many weeks, sought to allow him to comply with the

1 safety valve. My agent was very gracious in allowing to
2 continue to make those efforts and we ultimately
3 accomplished that on Monday after quite some time.
4 And other than that proffer, which we've already
5 advised you was full and complete and truthful, he hasn't
6 provided any information that his -- to the extent either in
7 a substantial assistance or further cooperation. I will say
8 that in his defense, Your Honor, it may be, frankly, that he
9 doesn't know much more than what it is that he did here. He
10 was in charge of the refueling aspects of this particular
11 go-fast vessel.
12 And so that's really the sum and substance of it,
13 Your Honor.
14 THE COURT: All right.
15 MR. PERRY: I do also recommend the low end, as it
16 relates to my obligation of the plea agreement, which, of
17 course, would be the 120 months, Your Honor.
18 THE COURT: Thank you.
19 Mr. Lopardo, does that adequately summarize his
20 efforts to cooperate?
21 MR. LOPARDO: Would you like for me to go to the
22 podium, Your Honor, or --
23 THE COURT: Right there is fine.
24 MR. LOPARDO: Well, I would say, yes, I believe in
25 this case, I think the agent would probably agree, he may

1  not know anything other than about his own case.  I think
2  this arises when you have a defendant that may want to go to
3  trial and some of the other defendants may indicate they
4  want to go to trial and then you find out that that wasn't
5  really their plan.  I would just hate to see him be punished
6  because he was considering invoking his right to a trial.
7  That said, I think the only thing he could have done is just
8  be a witness against other people, but at a certain point it
9  became evident he wasn't going to trial and so we did enter
10 the plea.
11           THE COURT:  All right.  Is there anything that the
12 defendant would like to say to the Court?
13           THE DEFENDANT:  Well, yes, that I am very
14 remorseful for what I did, I'm very remorseful for having
15 made this mistake, and that I'll never do it -- and I'll
16 never do it again as long as I live.  I'm very, very
17 remorseful and I apologize to everyone, to the court
18 officers, to my attorney, to everyone.  Thank you.
19           THE COURT:  Thank you.
20           Is there anything else, Mr. Perry?
21           MR. PERRY:  Judge, just lest it be said somewhere
22 later in a 2255 that I was suggesting that you should
23 consider the fact that he wanted to go to trial against him,
24 and I don't think you would, or the failure -- his inability
25 to cooperate against him, I am not doing that.  I'm in fact

1  recommending the low end here.  I have given him every
2  benefit, not only the third level for safety valve, which --
3  not safety valve, for -- for acceptance of responsibility,
4  which probably wasn't the most timely, Judge, but we went
5  ahead and did that anyway.  But I've also recommended the
6  low end and I've also agreed to the safety valve.  So lest
7  there be any question later down the road, we are not in any
8  way suggesting to this Court that you should consider those
9  factors to give him anything more than the low end in this
10 case, the 120 months is sufficient, Your Honor.
11           THE COURT:  All right.  Thank you.
12           Along those same lines, for this record, the law
13 of this Circuit, as well as the Supreme Court, confirms the
14 Court has jurisdiction over this offense and the defendant
15 and I would not have expected Mr. Lopardo to raise what
16 would be a frivolous objection to jurisdiction under those
17 circumstances.
18           Senor, it appears that many defendants in similar
19 circumstances as yourself, having resolved their case, go to
20 prison and then begin to hear from other inmates or other
21 sources that the United States does not have jurisdiction
22 over vessels on the high seas and that lawyers should have
23 challenged that.  They are wrong about that.  And I hope
24 that you will remember my words here today when someone
25 tries to convince you that the Court did not have subject

```
 1   matter jurisdiction over this case.
 2             I start with the factors under Section 3553(a) of
 3   Title 18, the background and nature of the defendant's
 4   background that is.  And his circumstances are set forth in
 5   the presentence report.  Like many defendants charged in
 6   similar cases, he comes from an impoverished background,
 7   motivated by the money that was offered engaged in this
 8   offense.  The offense is serious and should be reflected in
 9   the sentence.
10             The impact of cocaine on our society is well
11   documented.  The interdiction of cocaine on the high seas,
12   as I said, is within the jurisdictional reach of the United
13   States, particularly when you have vessels that are
14   stateless and are discovered to have substantial quantities
15   of cocaine onboard bound for the United States.
16             In addition, this sentence should deter, as well
17   as promote respect for the law and act as protection to the
18   public.  I have determined in this case, as I have in many,
19   that absent aggravating circumstances, which are not
20   present, a sentence commensurate with the statutory minimum
21   mandatory is sufficient, but not greater than necessary.  In
22   this case, it happens to be the low end of the advisory
23   range and consistent with the government's recommendation.
24             It is the judgment of the Court that the defendant
25   be committed to the custody of the Bureau of Prisons for a
```

1  term of 120 months, followed by five years of supervised
2  release, subject to the standard terms and conditions
3  adopted by this Court.
4         He will receive credit for all time in custody of
5  the United States since his interdiction on February 24th.
6         The special condition if he is deported he shall
7  not re-enter the United States without the express
8  permission of the United States government.
9         This is a qualifying felony, he is to cooperate in
10 the collection of DNA by Probation.
11        The mandatory drug testing requirements of the
12 Violent Crime Control Act are waived.
13        Likewise, I will waive a fine, but order that he
14 pay the 100-dollar special assessment, which is due
15 immediately.
16        The judgment will reflect that he was paroled into
17 the United States, which I understand will enable him to
18 participate in certain Bureau of Prisons programs that might
19 not otherwise be available to a noncitizen.
20        What says the government as to Count Two?
21        MR. PERRY:  Move to dismiss, Your Honor.
22        THE COURT:  That count is dismissed on motion of
23 the government.
24        You have a facility, Mr. Lopardo, you would like
25 me to recommend?

1    MR. LOPARDO:  I've discussed it with my client.
2 He suggested Coleman.  I know he would like to take
3 advantage of vocational and classes such as English as a
4 second language, probably should start with that.  But he's
5 also interested in electrical and plumbing vocational
6 training.
7    THE COURT:  All right.  I will recommend
8 designation at Coleman.  I choose not to make a specific
9 recommendation of vocational training, because it is my
10 understanding that, if eligible, the defendant will be
11 provided an opportunity to participate in educational and
12 vocational programs.  Those programs vary somewhat from
13 institution to institution.
14    Any objections to the sentence imposed or the
15 manner in which it has been pronounced?
16    Mr. Perry?
17    MR. PERRY:  No, sir.
18    THE COURT:  Mr. Lopardo?
19    MR. LOPARDO:  No, Your Honor.
20    THE COURT:  Sir, to the extent permitted by your
21 plea agreement, you have 14 days within which to appeal to a
22 higher court.  You're entitled to be represented by an
23 attorney on appeal and if you choose to appeal and you're
24 not able to pay for a lawyer, the Court will appoint a
25 lawyer to represent you on appeal.  And the Clerk will

```
 1   accept your appeal without payment of a filing fee.
 2            Mr. Lopardo will review with you the advantages
 3   and disadvantages of an appeal.  But remember it is your
 4   decision, not his, and you must give him direction whether
 5   or not you wish him to appeal or not and he will and should
 6   document whatever that decision is so in the future there's
 7   no question about that.
 8            Is there anything else, gentlemen?
 9            MR. PERRY:  Not from the United States.  Thank
10   you, Your Honor.
11            MR. LOPARDO:  No, Your Honor.
12            THE COURT:  We'll be in recess.
13                 (Proceedings concluded.)
14
15
16
17
18
19
20
21
22
23
24
25
```

```
1   UNITED STATES DISTRICT COURT    )
                                    )
2   MIDDLE DISTRICT OF FLORIDA      )

3
                    REPORTER TRANSCRIPT CERTIFICATE
4

5           I, Howard W. Jones, Official Court Reporter for
    the United States District Court, Middle District of
6   Florida, certify, pursuant to Section 753, Title 28, United
    States Code, that the foregoing is a true and correct
7   transcription of the stenographic notes taken by the
    undersigned in the above-entitled matter (Pages 1 through 16
8   inclusive) and that the transcript page format is in
    conformance with the regulations of the Judicial Conference
9   of the United States of America.

10
                             /s      Howard W. Jones
11
                             _____
12                           Howard W. Jones, RPR, FCRR
                             Official Court Reporter
13                           United States District Court
                             Middle District of Florida
14                           Tampa Division
                             Date:  03/18/19
15
```